### CURTIS *v.* CURTIS.

1. EVIDENCE—RELEVANCY.

Plaintiff, who had obtained a judgment against W., assigned it to defendant. The judgment was afterwards set aside, and then the cause of action was settled by defendant. As to whether plaintiff consented to the settlement, the evidence was contradictory. Plaintiff's testimony tended to prove that the assignment was only to secure the money loaned him by defendant to carry on the suit. Defendant's testimony tended to prove that the assignment was to secure, in addition, a note given by plaintiff to him, which was to be paid when plaintiff recovered against W. The amount received by defendant on the settlement was more than the amount advanced to carry on the suit. Plaintiff sued defendant for a conversion of the cause of action, and the judge charged the jury that he could not recover if he consented to a settlement of the suit against W. *Held*, that the note was admissible in evidence.

2. ASSIGNMENT OF CAUSE OF ACTION—SECURITY—SETTLEMENT OF SUIT.

As defendant's testimony tended to show that the note would not be payable until plaintiff recovered against W., his settlement of that suit without plaintiff's consent did not entitle him to take payment of the note from the proceeds of the settlement.

3. TRIAL—INSTRUCTIONS—ERROR.

Where the verdict of a jury might have been based upon a ground supported by the law and facts, or on a ground authorized by erroneous instructions, such instructions are prejudicial error.

4. EVIDENCE—VALUE OF CAUSE OF ACTION.

In determining the value of a cause of action, it is proper to permit the jury to consider the results of various trials brought to enforce it.

5. TRIAL—INSTRUCTIONS—MEASURE OF DAMAGES—EVIDENCE.

If there is evidence in a case relating to the measure of damages which is speculative and should be disregarded by the jury, the court should clearly point it out, and not permit the jury to determine what evidence should be disregarded.

Error to Kent; Perkins, J.    Submitted June 3, 1903.
(Docket No. 16.)    Decided July 14, 1903.

Case by James A. Curtis, as surviving partner of him-
self and George H. Outhouse, deceased, composing the
firm of J. A. Curtis & Company, against George S.
Curtis, for the wrongful conversion of a cause of action.
From a judgment for defendant, plaintiff brings error.
Reversed.

*Grove & McDonald*, for appellant.

*Dunham & Malcolm*, for appellee.

CARPENTER, J.    The parties to this suit are brothers.
Plaintiff, as the surviving partner of himself and George
H. Outhouse, deceased, had a cause of action against
Luther T. Wilcox, at one time sheriff of St. Joseph
county, arising from the seizure of stock by said sheriff
upon which the partnership composed of plaintiff and said
Outhouse had a chattel mortgage.    Such cause of action
against Wilcox was assigned to defendant to secure the
payment of certain indebtedness.    After said assignment,
the defendant settled said cause of action with the parties
responsible therefor for the sum of $1,500 cash.    Under
the claim that he had a right to the whole of said $1,500
to pay the indebtedness secured by said assignment,
defendant refused to pay any of the same to plaintiff.
Thereupon the plaintiff brought this suit for the conversion
of said cause of action.    Defendant pleaded the general
issue.

The testimony on the trial conclusively proved that the
assignment secured the defendant for moneys advanced
by him to the plaintiff to enable him to carry on said
suit.    These advances, with interest thereon, amounted to
about $1,000.    The testimony of the plaintiff tended to
prove that said assignment secured nothing else.    The
testimony of the defendant tended to prove that said
assignment secured everything that plaintiff owed him,

and it is claimed that there was testimony introduced tending to show that plaintiff owed defendant the amount evidenced by a note of $554, which will be hereafter referred to. Defendant testified that the plaintiff consented to and acquiesced in the settlement complained of. Plaintiff denied such consent or acquiescence. From the testimony introduced, the jury might have found that the value of the cause of action was much greater than the amount for which it was settled, or they might have found that it did not exceed that amount. In submitting the case to the jury, the court charged that, if the plaintiff consented to or acquiesced in the settlement made by defendant, their verdict must be no cause of action; that, if plaintiff did not agree to or acquiesce in that settlement, defendant was liable in damages for the amount that the cause of action exceeded in value the amount secured by the assignment; that, to ascertain the amount secured by the assignment, they should determine whether the assignment secured the $554 note heretofore referred to or not. The jury, under this charge, rendered a general verdict for the defendant.

Plaintiff seeks a reversal of the judgment below on several grounds, the most important of which is that the court erred in admitting in evidence said $554 note, and that said testimony, when admitted, did not warrant the jury in finding that said note was so secured by the assignment as to give defendant the right to pay the same from the proceeds of the settlement. This $554 note was signed by the plaintiff, and was payable to the defendant. It was given in 1880 in satisfaction of a judgment obtained by defendant against plaintiff. It was not delivered to the defendant, but was delivered to a partnership composed of John L. Curtis, since deceased, brother to the parties, and L. G. Dunton, their brother-in-law. By the agreement of the parties as testified to by the defendant, the note was to be paid when plaintiff recovered against the sheriff of St. Joseph county on the cause of action involved in this suit; and according to the brother-in-law, Dunton, plaintiff was to pay it if he gained that suit.

We do not think the court erred in admitting this testimony.   On the theory that the settlement complained of was authorized or acquiesced in by plaintiff, defendant had a right, under his testimony that the note was to be paid when the judgment was recovered, to have said note paid out of the proceeds of the settlement; for plaintiff's consent to put an end to the cause of action before the judgment was obtained obligated him to pay the note, or at least furnished evidence from which the jury might find that he so obligated himself.   It is hardly conceivable that he could, by consenting to the destruction of a cause of action, entirely terminate his obligation on a claim payable when that cause of action ripened into a judgment.

In reaching the conclusion that this testimony was admissible, we do not overlook the fact that according to the law of this case, as laid down by the trial judge and acquiesced in by both counsel, defendant was entitled to a verdict if plaintiff consented to or acquiesced in the settlement in question.   It was therefore not necessary to his defense that defendant should prove that he had a right to keep the entire proceeds of the settlement if that settlement were authorized.   Nevertheless, we think he had a right to introduce this evidence.   Any other rule would be very unjust.   It would place defendant in the position, not of having committed the wrong complained against him, but of having committed another, when the fact was, according to his testimony, he had committed none.

Did the testimony warrant the charge of the court respecting this $554 note ?   Defendant's counsel contend that the verdict of the jury in favor of the defendant proves that they found that the plaintiff consented to the settlement, and therefore they were in no way affected by the charge of the court respecting said note.   We cannot agree with this claim.   The verdict might have been rendered upon the ground that plaintiff consented to the settlement, or it might have been rendered upon the ground that the value of the cause of action did not exceed the amount secured by the assignment.   If the verdict

was rendered upon the latter ground, and if there was, as plaintiff claims, error in the charge respecting the note, such error was prejudicial.

Did the testimony of the defendant warrant the inference that said note was so secured by the assignment as to give defendant the right to pay the same out of the proceeds of the settlement? As already indicated, according to that testimony, the note was to be paid when plaintiff recovered against the sheriff of St. Joseph county on the cause of action involved in this case. Surely, defendant's wrongful settlement of the cause of action did not entitle him to demand payment of an obligation which was payable out of the judgment to be recovered on said cause of action. To hold that it did, enables defendant to take advantage of his own wrong. We think, therefore, the court erred in giving the charge complained of respecting the note.

It is contended that the court erred in charging the jury as follows:

"In determining this question [the value of the cause of action], you will take into consideration the nature of the cause of action in that case, the claims made, the amount of indebtedness secured by the mortgage given by Dickerson & Co. to Curtis & Co., the kind and character of the property covered by such mortgage, its value, the various results of the several trials, the general history of the case as shown by the evidence, the length of time the case was pending before settlement, and from all these, and any other facts and circumstances you may find to be true in the case, determine the actual value of that claim or cause of action."

The testimony showed that there had been several trials of the suit brought to enforce said cause of action. Two verdicts had been set aside by this court, and one by the lower court. It is insisted that it was erroneous for the trial judge to permit the jury to consider the various results of these trials, and the general history of the case, as bearing upon the value of the cause of action. We do not think that this was error. The circumstances alluded to had a material and obvious bearing upon the value of that cause of action.

It is also contended that the court erred in instructing the jury at the request of defendant:

"Neither courts nor juries can deprive a defendant of his property upon evidence which is speculative merely as to the amount of damages the plaintiff may have suffered. * * * The damages cannot rest in speculation merely."

It is insisted by plaintiff's counsel in their brief that there was no competent evidence that the damages claimed were speculative. There was evidence, however, that one jury had rendered a verdict for $3,844.66, which the trial judge had reduced to $2,474.31, and that another jury had rendered a verdict for $2,500, and the trial judge had reduced it to $1,181.03. Possibly the language of the court referred to these verdicts. It is obvious that the effect of the charge complained of was to suggest to the jury that there was certain testimony — not definitely pointed out — which might have a tendency to mislead them in measuring damages in favor of the plaintiff, and that this testimony should be disregarded because it was speculative. It would certainly have been better practice for the court to point out clearly what the testimony was which the jury should disregard as speculative. If that practice had been adopted, plaintiff could have had no apprehension that the effect of the court's charge was to induce the jury to disregard all his testimony on the subject of damages. As this is a question not likely to arise on another trial, it is unnecessary to determine whether or not it constituted reversible error.

In our judgment, the case was a proper one for the consideration of the jury. The other assignments of error relied upon are not well taken, and their discussion would be of no interest to the profession.

The judgment of the court below must be reversed, and a new trial ordered.

The other Justices concurred.